UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| ROSEBUD SIOUX TRIBE, a federally recognized Indian tribe, and its individual members, | CIV. No. 16-3038-RAL |
| Plaintiff, | **DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| UNITED STATES OF AMERICA et al., | |
| Defendants. | |

For the first time in this litigation, Plaintiff asserts that the Indian Trust Asset Reform Act ("ITARA" or "Act"), 25 U.S.C. § 5601, supports its claim that Defendants have a trust responsibility to provide health care services.  Doc. 96 at 4–5.  Nothing in ITARA supports Plaintiff's claim.

ITARA simply does not apply in this case.  First, ITARA applies to the Secretary of the Interior ("Interior"), not to the Secretary of Health and Human Services ("HHS") or the Indian Health Service ("IHS").  25 U.S.C. §§ 5611, 5613.  Second, ITARA applies to Indian trust assets, not to health care services. § 5613; *see also* Doc. 93 at 5–11 (discussing the absence of any Indian assets in this case).  Third, when ITARA applies, among other things the Act requires a tribe to: identify trust assets, submit a detailed proposal to Interior setting forth how the tribe intends to manage the trust assets, and exhaust

administrative remedies if Interior does not approve the plan.  § 5613.  Plaintiff cannot rely on ITARA when it has not followed any of these statutory requirements and the Act does not apply to HHS, IHS, or health care services.

Moreover, ITARA does not create any trust responsibility (a/k/a "duty" or "obligation"), including the one alleged in this case.  Defendants have never contested the unique relationship between the United States and Indian tribes or that the United States has assumed specific trust responsibilities in certain instances.  *See, e.g.*, Doc. 93 at 3–4 (discussing the general relationship and summarizing the standard for determining when a trust duty exists).  ITARA recognizes the same.  25 U.S.C. § 5601.  But this recognition, especially in a "findings" section, does not serve as an independent basis for creating a trust responsibility.  Doc. 93 at 13–14 (relying on *Pennhurst State Sch. & Hosp. v. Haldermann*, 451 U.S. 1, 11, 19 (1981), *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1002 (8th Cir. 2005), and *Quechan Tribe of Ft. Yuma Indian Res. v. United States*, No. 10-cv-02261, 2011 U.S. Dist. LEXIS 36778, 2011 WL 1211574, at *3 (D. Ariz. Mar. 31, 2011)).

To establish an enforceable trust responsibility, a statute must clearly require specific actions of an agency administering a trust corpus.  Doc. 93 at 3–20.  The only court to consider ITARA held that the Act does not create a specific trust obligation.  *Navajo Nation v. United States*, 2019 WL 3997370 *6 (D. Ariz. Aug. 23, 2019) (involving a dispute over water supply).  Indeed, it is doubtful that ITARA could ever serve as the basis for creating a trust responsibility when its purpose is to promote tribal self-determination over

Indian assets rather than to exert government control over those assets. 25 U.S.C. § 5602; *United States v. Navajo Nation*, 537 U.S. 488, 507–09 (2003) (finding that the United States cannot exert the level of control required of a fiduciary when statutes authorize self-governance).

For all of these reasons, ITARA does not apply—let alone create a trust responsibility—in the instant case, which involves HHS, IHS, and health care services rather than Interior and the administration of trust assets.

Respectfully submitted this 16th day of December 2019.

RONALD A. PARSONS, JR.
United States Attorney

*/s/ Cheryl Schrempp DuPris*

Cheryl Schrempp DuPris
Assistant U.S. Attorney
P. O. Box 7240
Pierre, SD 57501
(605) 224-5402
Cheryl.Dupris@usdoj.gov